UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC; <br> THE FOOTHILLS AT WINGFIELD <br> HOMEOWNERS ASSOCIATION; <br> FULLER JENKINS CLARKSON, P.C., <br><br> Defendants. | 3:17-cv-00332-LRH-WGC <br><br> ORDER |

Before the court is SFR Investments Pool 1, LLC's ("SFR") motion for security for costs pursuant to NRS 118.130(1). ECF No. 9.

This case involves a homeowners association's ("HOA") non-judicial foreclosure of real property in Sparks, Nevada. ECF No. 1 at 2. Plaintiff Wells Fargo Bank is the beneficiary of the subject property's deed of trust, which the foreclosure purportedly extinguished under NRS 116.3116 *et seq*. *Id*. Wells Fargo filed suit in this court against the HOA and SFR, the property's purchaser, claiming that the Nevada statute is unconstitutional on its face and as applied.[1] *Id*. Wells Fargo has also brought state-law claims, asserting that the foreclosure sale violated NRS 116.3116 and resulted in unjust enrichment. *Id.* at 12–13. Ultimately, Wells Fargo is seeking quiet title and declaratory relief establishing that its deed of trust was not extinguished and that the foreclosure sale and transfer of title are void. *Id*. at 14.

---

[1] Specifically, Wells Fargo claims that NRS 116.3116 violates the Fifth Amendment's Takings Clause and Due Process Clause, as well as the Supremacy Clause. ECF No. 1 at 7–9; *see also* ECF No. 4.

SFR now moves for security for costs pursuant to NRS 18.130(1). The statute states in pertinent part that, "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for costs and charges which may be awarded against such plaintiff [not to exceed $500] may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint." Nev. Rev. Stat. § 18.130(1). While such security is not required under the Federal Rules of Civil Procedure, "[i]t has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983).

However, "[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable." 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2671 (3d ed.). Instead, the court may apply its own rules or state practice to require security for costs as a discretionary matter, taking into account the policy of the underlying federal statute, the defendant's ability to recover costs from an out-of-state plaintiff if the defendant prevails, the plaintiff's solvency, and any other pertinent factors. *Id*.

Here, Wells Fargo filed suit in this court pursuant to both federal-question and diversity jurisdiction. ECF No. 1 at 1. However, it is evident from its complaint that its claims are primarily constitutional in nature. The court finds that it would be contrary to public policy to automatically require security for costs under NRS 18.130 in cases involving alleged violations of the U.S. Constitution. Moreover, SFR has made no attempt to present grounds for requiring security for costs on the facts of this case. The court will therefore deny its motion.

IT IS THEREFORE ORDERED that SFR Investments Pool 1, LLC's motion for security for costs pursuant to NRS 118.130(1) (ECF No. 9) is **DENIED.**

IT IS SO ORDERED.

DATED this 29th day of June, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2