UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; THE FOOTHILLS AT WINGFIELD HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; FULLER JENKINS CLARKSON, P.C., a Nevada professional corporation<br><br>Defendants. | Case No. 3:17-cv-00332-LRH-WGC<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a national banking association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its successors and assigns, as Nominee Beneficiary for DHI MORTGAGE COMPANY, a Texas limited partnership; BRIAN MCKAY, an individual; LAWRENCE D. MCKAY, an individual,<br><br>Counter-Defendants. | |

1

This matter centers on a nonjudicial foreclosure sale conducted in 2012 under Nevada Revised Statute ("N.R.S.") § 116.3116 *et seq.* by defendant The Foothills at Wingfield Homeowners' Association ("HOA"). *See* ECF Nos. 1, 16, 23. Plaintiff Wells Fargo Bank, N.A. challenges the constitutionality of the foreclosure sale and, more specifically, the effect of the foreclosure sale on Wells Fargo's deed of trust that encumbered the at-issue property. ECF No. 1 at ¶¶ 12, 34–36. Wells Fargo brings seven claims for relief, including claims to quiet title, claims for declaratory relief, and claims arising under Nevada state law. ECF No. 1 at 7–14.

Currently before the court is the HOA's motion to dismiss. ECF No. 23. In its motion, the HOA moves to dismiss all claims against it. *Id.* Wells Fargo opposed the motion. ECF No. 27. Defendant SFR Investments Pool 1, LLC also opposed the motion but in a limited manner. ECF No. 25. The HOA filed a reply. ECF No. 28. The court now grants the motion in part and denies the motion in part, dismissing claim four, claim five, and claim seven.

I. **BACKGROUND**

In 2008, defendants Brian McKay and Lawrence McKay executed a promissory note and a deed of trust to obtain a loan to purchase the property at 4329 Clearwood Drive, Sparks, Nevada 89436 (Parcel Number 526-371-02). ECF No. 1 at ¶¶ 4, 15, 16. The deed of trust was recorded in Washoe County, Nevada, designating DHI Mortgage Company as the lender, Ticor Title of Nevada as the trustee, and Mortgage Electronic Registrations Systems, Inc. as the nominee for the lender. *Id.* Wells Fargo came to hold the beneficial interest under the deed of trust by way of assignment. *Id.* at ¶ 18. Wells Fargo was also assigned the note. *Id.*

The at-issue property sits in a community governed by the HOA and is therefore subject to assessments. *See id.* at ¶¶ 19–20. After the McKays failed to pay the assessments as they came due, defendant Fuller Jenkins Clarkson, P.C. ("Fuller") recorded a notice of delinquent assessment lien on behalf of the HOA. *Id.* Fuller later recorded a notice of default and election to sell and then a notice of foreclosure sale, both on behalf of the HOA. *Id.* at ¶¶ 22, 25. At the nonjudicial foreclosure sale held in November 2012, the HOA purchased the property. *Id.* at ¶ 27. The HOA transferred the property to SFR via a quitclaim deed in 2013. *Id.* at ¶ 31.

Wells Fargo sues the defendants, alleging seven causes of action: (1) quiet title and declaratory relief under the Takings Clause of the 5th and 14th Amendments to the U.S. Constitution; (2) quiet title and declaratory relief under the Supremacy Clause in Article 4, § 3 of the U.S. Constitution; (3) quiet title and declaratory relief under the Due Process Clause of the 5th and 14th Amendments to the U.S. Constitution; (4) wrongful foreclosure; (5) violation of the duty of good faith imposed by N.R.S. § 116.1113 *et seq.*; (6) quiet title; and (7) unjust enrichment.[1] ECF No. 1 at 7–14. SFR asserts two counterclaims, which are not at issue here. ECF No. 16. The HOA filed its answer to the complaint, which included the defense of failure to state a claim. ECF No. 7. It now moves to dismiss the complaint, arguing that it is a disinterested party in this matter and that Wells Fargo failed to mediate its claims as required by Nevada law. ECF No. 23 at 3–10.

## II.     LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) permits a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In examining a facial attack of subject matter jurisdiction, the court accepts the allegations in the complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint that fails to meet this standard under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) permits dismissal on the basis of either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Wells Fargo numbered both its quiet-title claim and its unjust-enrichment claim as "Sixth Cause of Action." ECF No. 1 at 12–13. In this order, the court refers to the quiet title-claim as the sixth claim for relief and the unjust-enrichment claim as the seventh claim for relief. Further, Wells Fargo brings the unjust-enrichment claim against the HOA and SFR only but asserts the remaining claims against all the defendants. *Id.* at 7–14.

3

In considering whether the complaint is sufficient to state a claim, the court accepts as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotations omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Further, motions to dismiss filed after an answer are treated as a motion for judgment on the pleadings under Rule 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). A court must still treat all allegations in the complaint as true under Rule 12(c) and must treat contradicting allegation in the answer as false. *Elvig v. Calvin Presbyterian Chruch*, 375 F.3d 951, 955 (9th Cir. 2004).

### III. DISCUSSION

The HOA moves to dismiss the complaint on two bases. The HOA first argues it must be dismissed from the action because it is a disinterested party that lacks any interest in the at-issue property, which prevents Wells Fargo from asserting a plausible claim for relief against it. The HOA next argues the causes of action must be dismissed because Wells Fargo failed to mediate its claims as required by N.R.S. § 38.310. The court addresses each argument in turn.

#### A. Disinterested Party

In its motion to dismiss, the HOA first argues it lacks any interest in the at-issue property, making it a disinterested party in respect to Wells Fargo's quiet-title claims. ECF No. 23 at 4–5. But in its reply, the HOA acknowledges that Wells Fargo seeks two declarations via its constitutional claims: (1) a declaration that Wells Fargo's deed of trust continues to encumber the at-issue property despite the HOA foreclosure sale, and (2) a declaration invalidating and unwinding the HOA foreclosure sale. ECF No. 28 at 3. The HOA concedes that an order voiding

4

the foreclosure sale would affect the HOA's interests that are adverse to Wells Fargo's interests. *See id.* The HOA is therefore an interested and a necessary party to this matter until the quiet-title claims are resolved. Nev. Rev. Stat. § 30.130; Fed. R. Civ. P. 19.

### B. Mediation under N.R.S. § 38.310

In addition to conceding that it is an interested party due to the sought-after declarations by Wells Fargo, the HOA also concedes that Wells Fargo's constitutional claims to quiet title and for declaratory relief are exempt from N.R.S. § 38.310. ECF No. 28 at 3 (citing *McKnight Family, LLP v. Adept Management Services, Inc.*, 310 P.3d 555 (Nev. 2013). But the HOA continues to argue for dismissal of the wrongful-foreclosure claim, the bad-faith claim under N.R.S. § 116.1113 *et seq.*, and the unjust-enrichment claim. *Id.* The HOA argues N.R.S. § 38.310 mandates dismissal of the three claims until the claims have been submitted to mediation. Wells Fargo argues N.R.S. § 38.310 does not apply to the three claims because Wells Fargo challenges title to the at-issue property rather than the HOA's authority to close under the covenants, conditions, or restrictions ("CC&Rs"). The court agrees with the HOA.

N.R.S. § 38.310 requires a party to submit certain claims to mediation or arbitration prior to bringing a civil action. Nev. Rev. Stat. § 38.130 (stating in part: "[n]o civil action based upon a claim relating to … [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association … may be commenced in any court in [Nevada] unless the action has been submitted to mediation"). For purposes of N.R.S. § 38.310, a civil action includes "an action for money damages or equitable relief" but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." Nev. Rev. Stat. § 38.300.

The court must dismiss Wells Fargo's wrongful-foreclosure claim and bad-faith claim under N.R.S. § 116.1113 *et seq.* in accordance with the Nevada Supreme Court's decision in *McKnight Family, LLP v. Adept Management Services, Inc.*, 310 P.3d 555 (Nev. 2013). In *McKnight*, the Nevada Supreme Court made clear that both wrongful-foreclosure claims and bad-faith claims under N.R.S. § 116.1113 *et seq.* constitute civil actions as defined by N.R.S.

5

§ 38.300 and therefore fall under the purview of N.R.S. § 38.310. 310 P.3d at 558–59. Accordingly, the court dismisses Wells Fargo's wrongful-foreclosure claim (claim four) and bad-faith claim under N.R.S. § 116.1113 (claim five) for failure to adhere to the requirements of N.R.S. § 38.310.

The court must also dismiss Wells Fargo's unjust-enrichment claim. Through its unjust-enrichment claim, Wells Fargo seeks to "recoup the reasonable amounts of benefits retained by the HOA" as the result of the HOA purchasing the property at the foreclosure sale. This claim does not constitute an equitable action for injunctive relief in which there is an immediate threat of irreparable harm. This claim also "exists separate from the title to the land" and therefore falls within the purview of N.R.S. § 38.310. *See McKnight Family, LLP*, 310 P.3d at 559 (discussing a slander-of-title claim). It instead stems from the authority of the HOA, which may require the court to refer to the applicable CC&Rs. The court dismisses Wells Fargo's unjust-enrichment claim (claim seven) as a result.

The HOA does not argue for dismissal of Wells Fargo's sixth claim, a quiet-title claim under Nevada state law, to the extent it argues for dismissal of claim four, claim five, and claim seven. *See* ECF Nos. 23, 28. Regardless, quiet-title claims are exempt from the requirements of N.R.S. § 38.310. *McKnight Family, LLP*, 310 P.3d at 559. Accordingly, this claim survives the HOA's motion to dismiss.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that defendant The Foothills at Wingfield Homeowners' Association's motion to dismiss (ECF No. 23) is **GRANTED in part and DENIED in part**. It is granted as to claim four, claim five, and claim seven, which are **DISMISSED without prejudice** for failure to comply with N.R.S. § 38.310. It is denied as to the remaining claims, which survive the instant motion to dismiss.

IT IS SO ORDERED.

DATED this 8th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE